UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| DOROTEO ESTRADA-JASSO,<br><br>          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | Civil Case No.      4:16-cv-00434-BLW<br>Criminal Case No.  4:05-cr-00245-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Petitioner Doroteo Estrada-Jasso has filed a pleading entitled "Petition for Application for Adjustment of Status and Waiver of Admissibility," which the Court will construe as a motion for relief under 28 U.S.C. § 2255.[1] Civ. Dkt. 1 at 2.[2] Petitioner also invokes 28 U.S.C. § 2241. *Id.* at 1. Having reviewed the record in this case, Petitioner's initial § 2255 proceedings, and the underlying criminal case, the Court will dismiss the petition for lack of jurisdiction.

---

[1] This Court lacks authority to grant the immigration-type relief that Petitioner seeks. Such relief may be requested through the executive branch. If such relief is denied, and the denial is upheld by the Board of Immigration Appeals, an applicant may petition for review in the appropriate circuit court of appeals.

[2] The phrase "Crim. Dkt." refers to docket entries in Petitioner's underlying criminal case, *United States v. Estrada-Jasso*, Case No. 4:05-cr-245-BLW (D. Idaho). The phrase "Civ. Dkt." refers to docket entries in this civil case. Petitioner's initial § 2255 motion was filed under Civil Case No. 4:09-cv-00354-BLW (D. Idaho).

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Petitioner entered a guilty plea to conspiracy to possess/distribute 500 grams or more of methamphetamine. Crim. Dkt. 92. This Court imposed a 360-month sentence. Petitioner's appeal was dismissed. Crim. Dkts. 117, 118, 140. Petitioner filed an initial § 2255 motion, which the Court dismissed with prejudice. Crim. Dkt. 144; Dkt. 10 in Civil Case No. 4:09-cv-00354-BLW (D. Idaho). Under the guise of a Rule 60(b) motion, Petitioner later filed a successive § 2255 motion, which the Court dismissed for lack of jurisdiction. Crim. Dkt. 173; Dkt. 19 in Civ. Case No. 4:09-cv-00354-BLW (D. Idaho).

## DISCUSSION

**1.   Governing Legal Standards**

Federal prisoners claiming the right to be released on the grounds that their sentence violates the Constitution or laws of the United States may file a motion under 28 U.S.C. § 2255. "As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008).

Prisoners are also generally limited to one motion under § 2255 and may not bring a "second or successive motion" unless it meets the exacting standards of 28 U.S.C. § 2255(h): such a motion cannot be considered unless it has first been certified by the court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of

the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

However, a federal prisoner may file a habeas petition under 28 U.S.C. § 2241 if the remedy provided in § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This "escape hatch" is satisfied if the petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera,* 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted).

**2.    The Petition Is Subject to Dismissal as an Unauthorized Successive Motion under 28 U.S.C. § 2255**

The petition here reveals that Petitioner is challenging his sentence—that is, he is attacking the legality of his detention. Civ. Dkt. 1 at 6-7 (arguing that this Court "should have weighed" certain factors to "fit the ponishment [sic] to the crime" and asking that Petitioner's sentence "be vacated, set aside, or reduced"). Petitioner has not made a showing of actual innocence so as to be entitled to the escape hatch of § 2255(e). Therefore, the Petition must be construed as a successive § 2255 motion. Because Petitioner has not obtained certification from the Ninth Circuit Court of Appeals to file a successive motion, this case will be dismissed.

**MEMORANDUM DECISION AND ORDER - 3**

# ORDER

**IT IS ORDERED:**

1. Petitioner's "Petition for Application for Adjustment of Status and Waiver of Admissibility," which the Court has construed as a § 2255 motion (Dkt. 1) is DISMISSED FOR LACK OF JURISDICTION.

2. The Court declines to issue a certificate of appealability.

DATED: September 25, 2019

_____
B. Lynn Winmill
U.S. District Court Judge